TO BE PUBLISHED IN THE OFFICIAL RECORDS

OFFICE OF THE ATTORNEY GENERAL
State of California

ROB BONTA
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 24-1101 |
| of | : | |
| | : | May 20, 2026 |
| ROB BONTA | : | |
| Attorney General | : | |
| | : | |
| SUSAN DUNCAN LEE | : | |
| Deputy Attorney General | : | |

The HONORABLE KELLY SEYARTO, STATE SENATOR, has requested an opinion on a question relating to local regulation of public water systems.

## QUESTION PRESENTED AND CONCLUSION

Do the exemptions from local building and zoning ordinances set forth in Government Code section 53091 apply to all California "public water systems," including those privately owned by mutual water companies?

No, the exemptions from local building and zoning ordinances set forth in Government Code section 53091 do not apply to privately owned public water systems, such as those owned by mutual water companies, but apply only to publicly owned water systems.

## BACKGROUND

California's Constitution authorizes both public agencies and private companies to operate public water systems.[1] State law classifies a water system that delivers drinking

---

[1] See Cal. Const., art. XI, § 9, subd. (a) ("A municipal corporation may establish,

(continued…)

1

24-1101

water to 15 or more connections as a "public water system," regardless of whether the system is publicly or privately owned.[2] An information sheet published by the State Water Resources Control Board explains:

> Many people think of public water systems as large city or regional water suppliers, but they also include small housing communities, businesses and even schools and restaurants that provide water. A public water system is not necessarily a public entity, and most public water systems are privately owned.[3]

Accordingly, despite its nomenclature, a "public water system" is not necessarily a public agency. Rather, a "public water system" is a water system generally having 15 or more service connections or servicing at least 25 individuals per day.[4] Thus the word

---

purchase, and operate public works to furnish its inhabitants with . . . water"); *id.*, subd. (b) ("Persons or corporations may establish and operate works for supplying [water] services upon conditions and under regulations that the city may prescribe under its organic law").

[2] Health and Safety Code section 116275(h) states:

> "Public water system" means a system for the provision of water for human consumption through pipes or other constructed conveyances that has 15 or more service connections or regularly serves an average of at least 25 individuals daily at least 60 days out of the year. A public water system includes the following:

> (1) Any collection, treatment, storage, and distribution facilities under control of the operator of the system that are used primarily in connection with the system.

> (2) Any collection or pretreatment storage facilities not under the control of the operator that are used primarily in connection with the system.

> (3) Any water system that treats water on behalf of one or more public water systems for the purpose of rendering it safe for human consumption.

[3] Cal. Water Resources Control Board, What is a Public Water System?, https://www.waterboards.ca.gov/drinking_water/certlic/drinkingwater/documents/waterpartnerships/what_is_a_public_water_sys.pdf (as of May 18, 2026); cf. Cal. Water Quality Monitoring Council, Unregulated Drinking Water, https://mywaterquality.ca.gov/safe-to-drink/unregulated-drinking-water.html (as of May 18, 2026) ("Unlike regulated water supplies, people who obtain their drinking water from an unregulated water supply, such as a privately drilled well, a shallow dug well, a stream, a spring, a pond, a lake, or a cistern, are responsible for determining the safety of the water themselves").

[4] Health & Saf. Code, § 116275, subd. (h).

2

24-1101

"public" in "public water system" refers to the number and nature of consumers receiving water service, not to the status of the entity providing the service.

Public or private, all "public water systems" in California are subject to the Safe Drinking Water Act, which imposes a range of requirements on systems that supply drinking water to consumers.[5] The Act imposes construction standards for building and upgrading waterworks;[6] criteria governing the organization, operation, and management of public water systems;[7] water testing;[8] mitigation measures when needed to bring water up to standards;[9] and associated technical and fiscal support programs.[10]

The regulatory structure is enforced by requiring a public water system operator to hold a permit from the Water Resources Control Board.[11] The Board may revise or amend the permit, imposing new requirements or demanding correction of deficiencies, whenever necessary to protect public health.[12]

In addition to these statewide requirements, public water systems may be subject to city and county regulations, such as zoning and building ordinances. A zoning ordinance is local legislation regulating the use of land and buildings, such as rules designating specified areas for residential, commercial, or other uses, and rules controlling the location, scale, or density of development.[13] A building ordinance is local legislation regulating the construction, alteration, or materials used in buildings and other

---

[5] Health & Saf. Code, § 116270, subd. (e) ("This chapter is intended to ensure that the water delivered by public water systems of this state shall at all times be pure, wholesome, and potable"); see generally California Safe Drinking Water Act, Health & Saf. Code, §§ 116270-116755 (applying clean water laws to all public water systems); Corp. Code, §§ 14300.5, 14301.1-14301.3 (providing for formation of mutual water companies and subjecting them to clean water laws).

[6] See Health & Saf. Code, § 116275, subd. (q) (for purposes of California Safe Drinking Water Act, "waterworks standards" means regulations adopted at Cal. Code Regs., tit. 22, ch. 16, §§ 64551-64644).

[7] See Health & Saf. Code, §§ 116600-116601.

[8] See Health & Saf. Code, §§ 116287, subd. (c), 116385-116400.

[9] See Health & Saf. Code, § 116525, subd. (c).

[10] State Water Resources Control Board, Financial Assistance Funding—Grants and Loans, https://www.waterboards.ca.gov/water_issues/programs/grants_loans/ (as of May 18, 2026).

[11] See Health & Saf. Code, § 116525.

[12] See *ibid.*

[13] See Gov. Code, § 65850 (local zoning power).

24-1101

structures.[14]  The question here is whether privately owned public water systems are treated the same as publicly owned public water systems for purposes of Government Code section 53091, which exempts certain public water projects from local building and zoning ordinances.  We conclude the exemptions do not apply to privately owned systems.

## ANALYSIS

**Government Code Section 53091 Exempts Designated Public Agencies from Local Building and Zoning Ordinances.**

Under Government Code section 53091, certain public agencies are exempted from local building and zoning ordinances.  Section 53091 states in relevant part:

> (a) Each local agency shall comply with all applicable building ordinances and zoning ordinances of the county or city in which the territory of the local agency is situated.
>
> [¶]
>
> (d) Building ordinances of a county or city shall not apply to the location or construction of facilities for the production, generation, storage, treatment, or transmission of water, wastewater, or electrical energy by a local agency.
>
> (e) Zoning ordinances of a county or city shall not apply to the location or construction of facilities for the production, generation, storage, treatment, or transmission of water, or for the production or generation of electrical energy, facilities that are subject to Section 12808.5 of the Public Utilities Code, or electrical substations in an electrical transmission system that receives electricity at less than 100,000 volts.  Zoning ordinances of a county or city shall apply to the location or construction of facilities for the storage or transmission of electrical energy by a local agency, if the zoning ordinances make provision for those facilities.

Our task here is to determine whether privately owned public water systems fall within the prescribed exemptions.  When we interpret statutory language, our primary purpose is to give effect to the intent of the Legislature.[15]  We begin by examining the text of the statute, giving it a plain and commonsense meaning.  We then consider the

---

[14] See Gov. Code, § 53090, subd. (b) (defining "building ordinances"); *id.*, § 38660 (local building regulation power).

[15] *Meza v. Portfolio Recovery Associates, LLC* (2019) 6 Cal.5th 844, 856.

4

24-1101

meaning of that language as it occurs in the context of the whole statutory framework, to understand its scope and purpose and to harmonize the various parts of the law.[16]

Before section 53091 was enacted in 1959, the prevailing rule was that the State of California, its subdivisions, and its agencies were all immune from local regulation as an aspect of the state's sovereignty. In *Hall v. City of Taft* (1956) 47 Cal.2d 177, the California Supreme Court ruled that when the state "engages in such sovereign activities as the construction and maintenance of its buildings, . . . it is not subject to local regulations unless the Constitution says it is or the Legislature has consented to such regulation."[17] In response to the *Hall* decision, the Legislature departed from that default rule and generally subjected local state-created agencies to local regulation by enacting section 53091. In section 53091, the Legislature's intent was "to vest in cities and counties control over zoning and building restrictions, thereby strengthening local planning authority."[18]

Consistent with that purpose, section 53091 begins by subjecting certain state agencies to local building and zoning ordinances, and then goes on to carve out exceptions to the general rule, including exceptions for water and power works. Section 53091(a) embodies the Legislature's waiver of sovereign immunity for the limited purpose of respecting city and county building and zoning ordinances.[19] Subdivision (a) states: "Each local agency shall comply with all applicable building ordinances and zoning ordinances of the county or city in which the territory of the local agency is situated."

The term "local agency" is defined in section 53090 as "an agency of the state for the local performance of governmental or proprietary function within limited boundaries."[20] The definition excludes the state, a city, a county, a rapid transit district, and certain rail transit districts.[21] It includes a variety of special districts and special-purpose local agencies, such as school districts, community service districts, and county

---

[16] *Id.* at pp. 856-857.

[17] *Hall v. City of Taft*, *supra*, 47 Cal.2d at p. 183 (local building ordinances did not apply to a public school district organized under state law).

[18] *City of Hesperia v. Lake Arrowhead Community Services Dist.* (2019) 37 Cal.App.5th 734, 752.

[19] See *City of Malibu v. Santa Monica Mountains Conservancy* (2002) 98 Cal.App.4th 1379, 1383; *City of Lafayette v. East Bay Mun. Utility Dist.* (1993) 16 Cal.App.4th 1005, 1013.

[20] Gov. Code, § 53090, subd. (a).

[21] *Ibid.*

5

water agencies.[22]  Thus, the result of the sovereign immunity waiver in section 53091(a) is to subject local agencies of the state to local building and zoning ordinances in most circumstances.

Subdivisions (d) and (e) then carve out exceptions to the general rule, by maintaining sovereign immunity for local agencies of the state when it comes to certain water and power projects.  Relevant here, subdivision (d) provides that city or county *building* ordinances do not apply to "the location or construction of facilities for the production, generation, storage, treatment, or transmission of water . . . by a local agency."  Subdivision (e) provides that local *zoning* ordinances do not apply to "the location or construction of facilities for the production, generation, storage, treatment, or transmission of water."

Thus, when the provisions of section 53091 are read together and in context, they reveal the intent of the Legislature "to strike a balance between the value of local zoning control by cities and counties and the state interest in efficient storage and transmission of water."[23]

**A Privately Owned Water System Is Not a "Local Agency" for Purposes of Section 53091.**

That brings us to the question presented here, which is whether *privately* owned public water systems enjoy the same immunity from local ordinances as *publicly* owned public water systems do, under Government Code section 53091, subdivisions (d) and (e).

Courts confronting that, and analogous, questions have concluded that only government agencies enjoy section 53091 immunity from local building and zoning regulations, not privately owned systems.[24]  For instance, in *Delta Wetlands Properties v. County of San Joaquin* (2004) 121 Cal.App.4th 128, 135, the court unequivocally stated in addressing a closely related question, "Government Code section 53091 does not apply to private projects."  Similarly, our prior opinions concerning section 53091 have declined to extend immunity from local ordinances to privately owned companies

---

[22] See *City of Hesperia v. Lake Arrowhead Community Services Dist.*, *supra*, 37 Cal.App.5th at pp. 741, 749 (community services district); *Friends of the Eel River v. Sonoma County Water Agency* (2003) 108 Cal.App.4th 859, 879-880 (water district).

[23] *City of Hesperia v. Lake Arrowhead Community Services Dist.*, *supra*, 37 Cal.App.5th at p. 752.

[24] See *Delta Wetlands Properties v. County of San Joaquin* (2004) 121 Cal.App.4th 128, 135; *Redevelopment Agency v. City of Berkeley* (1978) 80 Cal.App.3d 158, 170; *Kehoe v. City of Berkeley* (1977) 67 Cal.App.3d 666, 672-673.

24-1101

performing private projects.[25]  Each of these authorities is consistent with the fundamental purpose of section 53091 to confer a limited waiver of state sovereignty as to local building and zoning ordinances.  The request before us nevertheless asks us to consider whether privately owned public water systems also qualify for the section 53091 immunity from local building and zoning regulations.  We conclude that they do not.

As described above, the state and its agencies are generally immune from city and county regulation due to sovereign immunity.  Section 53091(a) partially waives that immunity, allowing cities and counties to regulate the activities of designated local agencies.  The exceptions in subdivisions (d) and (e) then limit that waiver, maintaining local agencies' sovereign immunity for projects relating to water and power transmission.  By carving out exceptions in this way, subdivisions (d) and (e) maintain agencies' preexisting sovereign immunity from regulation.

But privately owned water systems have no such immunity.  The Legislature's waiver of sovereign immunity in section 53091(a) therefore does not apply to them.  And because the exemptions in subdivisions (d) and (e) are best understood as carving out exceptions to the waiver of immunity in subdivision (a)—and do not themselves serve as independent sources of immunity—those exemptions do not immunize privately owned entities from local laws.  Privately owned systems remain subject to all applicable local building and zoning ordinances, just as they did before section 53091's enactment.

That understanding of the Legislature's intent is reflected in the statutory text.  Section 53091(a) states that, "Each *local agency* shall comply with all applicable building ordinances and zoning ordinances of the county or city in which the territory of the *local agency* is situated."[26]  Subdivision (d) then limits that waiver of immunity, stating that, "Building ordinances of a county or city shall not apply to the location or construction of facilities for the production, generation, storage, treatment, or transmission of water, wastewater, or electrical energy by a *local agency*."[27]

We note again that Government Code section 53090 defines "local agency" as "an agency of the state for the local performance of governmental or proprietary function within limited boundaries."[28]  The definition specifies that a "local agency" is an "agency

[25] See 101 Ops.Cal.Atty.Gen. 88, 89 (2018); 68 Ops.Cal.Atty.Gen. 114, 119 (1985) ("This section exempts the state from regulation.  It in no way purports to exempt private parties from regulation when engaged in their own private pursuits").

[26] Gov. Code, § 53091, subd. (a), italics added.

[27] Gov. Code, § 53091, subd. (d), italics added.

[28] Government Code section 53090(a) states:

(continued…)

7

of the state." So even if a privately owned public water system, such as a mutual water company, could engage in "the local performance of a governmental or proprietary function within limited boundaries," a privately owned system still fails to meet the definition of "an agency of the state." A privately owned entity is not owned or controlled by state government; it is not a component of the state.[29] Nor is the provision of water necessarily a sovereign function: As the California Constitution provides, water service may be supplied by privately owned entities as well as by publicly owned agencies.[30] And construing the term "local agency" to exclude private entities advances the statute's central purpose of waiving sovereign immunity for designated entities; it makes no sense to waive immunity for private entities that have no immunity in the first place.[31]

In sum, Government Code section 53091 does not apply to privately owned public water systems. If the statute does not apply to privately owned systems, then the exceptions in the statute do not apply either.

**Subdivision (e) Does Not Extend Immunity to Privately Owned Water Systems.**

Despite our assessment that section 53091 does not apply to privately owned water systems at all, we give section 53091(e) additional attention, as it presents unique textual considerations. Subdivision (e), unlike subdivision (d), does not specify that the provision applies to a "local agency." Subdivision (e) states in relevant part: "Zoning ordinances of a county or city shall not apply to the location or construction of facilities for the production, generation, storage, treatment, or transmission of water." The absence of the term "local agency" gives rise to an argument that subdivision (e) is not limited to

---

"Local agency" means an agency of the state for the local performance of governmental or proprietary function within limited boundaries. "Local agency" does not include the state, a city, a county, a rapid transit district, or a rail transit district whose board of directors is appointed by public bodies or officers or elected from election districts within the area comprising the district, or a district organized pursuant to Part 3 (commencing with Section 27000) of Division 16 of the Streets and Highways Code.

[29] See Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/of (as of May 18, 2026) ("of" definitions include "used as a function word to indicate belonging or a possessive relationship").

[30] See Cal. Const., art. XI, § 9, subds. (a) (public agencies), (b) (private entities).

[31] We note that the term "local agency" may have different meanings in different contexts. (E.g., *Community Action Agency of Butte County v. Superior Court of Butte County* (2022) 79 Cal.App.5th 221, 234-239 [test for "local agency" under Brown Act].)

the water projects of "local agencies," and therefore that subdivision (e) also applies to *privately* owned public water systems—even if subdivision (d) does not.

But as already explained, the statutory context strongly suggests the opposite. The Court of Appeal addressed this issue in *Delta Wetlands*, stating:

> The general rule of Government Code section 53091 is set forth in subdivision (a). . . . The exceptions to the rule are contained in subdivisions (d) and (e). . . . Without the exceptions the general rule of subdivision (a) would apply. So it is plain the exceptions concern only the general rule. It would make no grammatical sense to except private commercial projects from a rule that does not apply to them.[32]

The court's analysis is supported by section 53091's history and structure. As described above, the statute's function is to waive the immunity of "local agencies of the State" from local building and zoning ordinances, while carving out "carefully specified exceptions" for water and power works.[33] The statute appears in a part of the Government Code that defines the powers and duties of municipal agencies.[34] Not a single other provision in the statute references private companies. Given the history, purpose, and structure of section 53091, we agree with the Court of Appeal that subdivision (e), like subdivision (d), applies only to local agencies.

That understanding finds further support in the legislative record. When first enacted in 1959, the statute's exemptions for building and zoning ordinances were contained in a single sentence, which was expressly limited to local agencies. It stated: "Building ordinances and zoning ordinances of a county or city shall not apply to the location or construction of facilities for the production, generation, storage, or transmission of water or electrical energy *by a local agency*."[35] There was thus no question that the exemption for zoning ordinances, which today appears in section 53091(e), did not apply to privately owned water systems.

---

[32] *Delta Wetlands Properties v. County of San Joaquin*, *supra*, 121 Cal.App.4th at p. 141; see also *People v. Sischo* (1943) 23 Cal.2d 478, 493 ("It is an accepted rule of statutory construction that a proviso is used to limit and qualify that which immediately precedes it . . .").

[33] *City of Lafayette v. East Bay Mun. Utility Dist.*, *supra*, 16 Cal.App.4th at p. 1017.

[34] See *Delta Wetlands Properties v. County of San Joaquin*, *supra*, 121 Cal.App.4th at p. 138 ("Section 53091 is contained within Title 5, Division 2, Part 1, Chapter 1, Article 5 of the Government Code. Title 5 is entitled 'Local Agencies.' Division 2 is entitled 'Cities, Counties and Other Agencies.' Article 5 is entitled 'Regulation of Local Agencies by Counties and Cities'").

[35] Stats. 1959, ch. 2110, § 1, p. 4908, italics added.

24-1101

In 1977, the Legislature expanded the zoning-ordinance exemptions to immunize certain projects of a public utility (which are also treated as "local agencies" under section 53091).[36] The 1977 amendments separated exemptions from zoning ordinances and exemptions from building ordinances into two different sentences; in the process, the phrase "local agency" dropped out of the zoning-ordinance provision.[37] It is improbable that the omission was intended to be material. "Private parties are not the subject of this statutory scheme and it would have been at odds with it to include them."[38] There is no evidence in the legislative record to support a theory that the Legislature intended to bring about a major policy change like exempting privately owned water agencies from local building and zoning regulations by merely eliminating the words "local agency" from one sentence of the statute.[39]

In 2002, the Legislature further amended section 53091 to fine-tune the building- and zoning-ordinance exemptions, which by now appeared in subdivisions (d) and (e).[40] A contemporaneous analysis of that bill by the Senate Rules Committee's Office of Floor Analyses described the proposed changes this way:

> Senate Bill 1711 exempts from county or city building ordinances the improvement of *a local agency's* facilities for the production, generation, storage, treatment, or transmission of water, wastewater, or electrical energy. SB 1711 also exempts from building ordinances *a local agency's* facilities for the treatment of water, wastewater, or electrical energy.

> The bill exempts from county or city zoning ordinances the improvement of *a local agency's* facilities for the production, generation,

---

[36] See *Delta Wetlands Properties v. County of San Joaquin*, *supra*, 121 Cal.App.4th at pp. 139-140 (municipal utility district is "local agency" for purposes of section 53091).

[37] Stats. 1977, ch. 435, § 1, p. 1468.

[38] *Delta Wetlands Properties v. County of San Joaquin*, *supra*, 121 Cal.App.4th at p. 140.

[39] See, e.g., *Mendoza v. Fonseca McElroy Grinding Co., Inc*. (2021) 11 Cal.5th 1118, 1134-1135 (legislatures do not typically "hide elephants in mouseholes"); *Jones v. Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158, 1171 (same).

[40] See Sen. Rules Committee, Off. Of Sen. Floor Analyses, analysis of Sen. Bill 1711 (2001-2002 Reg. Sess.) as amended May 30, 2002, p. 3 ("Cities, counties, and special districts have all acted for some time on the understanding that existing law regarding exemptions from building and zoning ordinances included water treatment facilities. This bill restores the equilibrium that has been upset by the *Topsail* [*Homeowners Assn. v County of Santa Cruz and Soquel Creek Water Dist*. (2002) 95 Cal.App.4th 835] decision by explicitly including 'treatment' in the enumeration of the sorts of facilities to which this exemption applies").

storage, treatment, or transmission of water, or the production or generation of electrical energy.

SB 1711 allows *a local agency* to render a city or county zoning ordinance inapplicable to proposed improvements to existing facilities related to the storage or transmission of water or electrical energy.[41]

The Legislature's understanding of the statute in the bill analysis reinforces our view that the exemption in section 53091(e) applies to local agencies, and not privately owned systems.

**Some Argue that Privately Owned Water Systems Should Be Treated the Same as Publicly Owned Water Agencies.**

Commenters have urged us to reach a different conclusion in light of changes in the law pertaining to public water systems. Some commenters point to legislation passed in 2011, Assembly Bill 54, which was designed to "level the playing field between public water agencies and mutual water companies." AB 54 provided privately owned water systems, including mutual water companies, with new access to funding for clean water projects while holding them to new fiscal and operational requirements of the California Safe Drinking Water Act.[42] In enacting the bill, the Legislature made findings and declarations, including the following:

Californians rely on a broad diversity of public and private organizations to deliver clean and safe drinking water to their home water taps. Regardless of the form of the organization that operates a public water system, these organizations provide a public service that remains one of the core duties of the people's government.[43]

Considering these findings and declarations in AB 54, commenters argue that privately owned water agencies should be treated the same as public water agencies when it comes to immunity from local building and zoning ordinances. In general terms, they argue that private water companies should be treated like public agencies because they perform the same "core duty" and "public service" of providing clean drinking water, as stated in the findings and declarations supporting AB 54. Commenters noted that privately owned water agencies are subject to the same burdens of complying with the California Safe Drinking Water Act as public agencies, and they face the same technical

---

[41] Sen. Local Gov. Comm., analysis of Sen. Bill No. 1711 (2001-2002 Reg. Sess.) as amended April 24, 2002, p. 2, italics added.

[42] Assem. Floor Analysis, Assem. Bill No. 54 (2011-2012 Reg. Sess.) as amended Aug. 30, 2011, p. 4; see generally Corp. Code, §§ 14300.5, 14301.3 (mutual water companies).

[43] Stats. 2011, ch. 512, § 1, subd. (a).

challenges and constraints inherent in the business of producing and transmitting clean drinking water to consumers.

We are not persuaded that these arguments justify a departure from our interpretation of section 53091. As explained above, performing the "core function" of delivering water is not the same as acting in a sovereign capacity. The California Constitution permits, but does not require, local governments to become water providers.[44] The Constitution also expressly permits private "persons or corporations" to own and operate water systems.[45] Given that water service may be provided in California by either public or private agencies, it is not correct to characterize water delivery as solely an aspect of sovereignty. While water service may be necessary, in California it is not a purely governmental function under our constitutional structure.

Despite language in the AB 54 findings and declarations that water systems "provide a public service that remains one of the core duties of the people's government," we do not understand the Legislature to declare that water systems are an arm of the government because they deliver an essential service. We believe that the "duty" referenced here is not a general duty on the part of the state to deliver water to citizens, but rather a specific statutory duty on the part of anyone who provides water to consumers to deliver water that is *clean*.

Commenters also argued that AB 54 subjects privately owned water systems to all the same operational requirements as public agencies. In light of those burdens, they argue that privately owned systems should also get symmetrical benefits—including the benefit of immunity from building and zoning ordinances under Government Code section 53091.[46] But private system owners are not identically situated to public agencies; they do, in fact, have the benefit of some rules that public agencies do not, such as greater flexibility in rate-setting processes,[47] and modified public meeting and public

---

[44] Cal. Const., art. XI, § 9, subd. (a) ("A municipal corporation *may* establish, purchase, and operate public works to furnish its inhabitants with . . . water") (emphasis added); see *Jones v. Catholic Healthcare West* (2007) 147 Cal.App.4th 300, 307 ("may" is permissive); see also *Glenbrook Development Co. v. City of Brea* (1967) 253 Cal.App.2d 267, 275 (county water district is "municipal corporation" for purposes of Cal. Const., art. XI, § 19).

[45] Cal. Const., art. XI, § 9, subd. (b).

[46] Assem. Floor Analysis, Assem. Bill No. 54 (2011-2012 Reg. Sess.) as amended Aug. 30, 2011, p. 4 ("Opposition may argue this bill seeks to subject mutual water companies to the same standards and requirements as public agencies, without bestowing any of the benefits of a public agency").

[47] See Corp. Code, § 14303.

24-1101

record requirements,[48] as well as all the rights of ownership of the property itself.  Given these differences in legal treatment, it is not correct to say that privately owned water agencies bear all the burdens of public agencies without any countervailing benefits.

## CONCLUSION

Ultimately, it is the fact of private ownership that separates privately owned water systems from public agencies for purposes of section 53091.  The statute was designed to strike a balance between state sovereignty and local control with respect to building and zoning standards.  The exemptions from local building and zoning ordinances set forth in Government Code section 53091 do not apply to privately owned public water systems, such as those owned by mutual water companies, but apply only to publicly owned water systems.

---

[48] See Corp. Code, §§ 14305-14307 (Mutual Water Company Open Meeting Act).

24-1101